UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THE SMITHFIELD PACKING COMPANY,
INCORPORATED,

           Plaintiff,

v.                                            Civil Action No. <u>2:11CV294</u>

V. SUÁREZ & CO., INC.,

           Defendant,

    and

PACKERS PROVISIONS CO. OF PUERTO RICO, INC.

           Defendant,

    and

FRESH MARK, INC.

           Defendant.

## SECOND AMENDED COMPLAINT

Plaintiff, The Smithfield Packing Company, Incorporated. ("Smithfield Packing"), by and

through its undersigned counsel, for its Second Amended Complaint against Defendants V.

Suárez & Co., Inc. ("V. Suárez"), Packers Provisions Co. of Puerto Rico, Inc. ("Packers"), and

Fresh Mark, Inc. ("Fresh Mark"), states as follows.

## INTRODUCTION AND NATURE OF DISPUTE

1.     This is an action for declaratory judgment pursuant to the federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201-02, to declare that Smithfield Packing is the rightful owner of

the SHORGOOD trademarks.  This is also an action for trademark infringement pursuant to the

federal Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, for unfair competition under the federal Lanham

US_ACTIVE-106980839.1

Act, for false designation of origin under the Lanham Act, and for trade dress infringement under federal statutory law.  These claims arise out of V. Suárez's and/or Packers (hereafter with V. Suárez collectively referred to as "Suárez") purported order to Smithfield Packing to cease production of its goods under its own SHORGOOD trademarks, even though Suárez has never been more than a buyer of Smithfield Packing's SHORGOOD products.  These claims also involve the unauthorized manufacture, sale, offering for sale, distribution and/or advertising of counterfeit products containing Smithfield's trademarks by Suárez and by Fresh Mark.

2.      Because of Suárez's wrongful conduct, Smithfield brings this Complaint seeking declaratory relief, damages, including treble damages, attorneys' fees, and costs, and a permanent injunction.

3.      Because of Fresh Mark's wrongful conduct, Smithfield brings this Complaint seeking declaratory relief, monetary damages, including treble damages for willful infringement, attorneys' fees, and costs, and a permanent injunction.

## THE PARTIES

4.      Plaintiff The Smithfield Packing Company, Incorporated, is a Delaware corporation with its principal place of business located in the Town of Smithfield, Virginia.

5.      Upon information and belief, Defendant V. Suárez is domiciled under the laws of Puerto Rico with its principal place of business in Guaynabo, Puerto Rico.  Upon information and belief, V. Suárez is in the business of food and beverage distribution, investment management and real estate.  Upon information and belief, V. Suárez conducts its food distribution business through a subsidiary, Packers Provision Co. of Puerto Rico, Inc.

6.      Upon information and belief, Defendant Packers Provisions Co. of Puerto Rico, Inc. is domiciled under the laws of Puerto Rico with its principal place of business at Edificio

Mercado Central, San Juan, PR 00920. Upon information and belief, Packers is in the business of food and beverage distribution.

7.      Upon information and belief, Defendant Fresh Mark, Inc. is an Ohio corporation with its principal place of business located in Massillon, Ohio.  Upon information and belief, Fresh Mark is a national food company, and is a seller of hot dogs, lunchmeats, and hams in Virginia and throughout the United States.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under: 28 U.S.C. §§ 2201-02 this being an action to have declared the rights and other legal relations of the parties; the provisions of 28 U.S.C. § 1331, as a matter arising under the laws of the United States; the provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.;* 28 U.S.C. § 1332(a) as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; the provisions of 28 U.S.C. § 1338(a); and, as a civil action arising under an Act of Congress pertaining to trademarks.

9.      This Court has personal jurisdiction over Suárez because both Packers and V. Suárez conduct business in this judicial district, including through their substantial and continuous business relationship with Smithfield Packing.  V. Suárez and/or Packers have also knowingly challenged ownership of Smithfield Packing's SHORGOOD trademarks through their assertions and demands sent to Smithfield Packing, which resides in this jurisdiction.  V. Suárez and/or Packers have also knowingly infringed the rights of an entity with its principal place of business located in this judicial district knowing and intending that the harm caused by their actions would be felt in this judicial district.

10.     This Court has personal jurisdiction over Fresh Mark because Fresh Mark conducts extensive business in this judicial district, and with knowledge of Smithfield Packing's ownership of the trademarks at issue, has willfully continued to infringe Smithfield Packing's trademarks by producing counterfeit products, and thus has knowingly infringed the rights of an entity with its principal place of business located in this judicial district knowing and intending that the harm caused by their actions would be felt in this judicial district.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events giving rise to the claims in this action occurred in this judicial district and because Smithfield Packing resides in this judicial district.  Furthermore, as per this district's Local Rules, the Norfolk Division is the proper venue for cases concerning Smithfield, Virginia.

## STATEMENT OF FACTS

12.     Suárez purchases finished goods from Smithfield Packing for resale in Puerto Rico.  One of the products that Smithfield Packing sells and has sold to Suárez is a line of chicken franks sold under Smithfield Packing's SHORGOOD marks.

13.     Suárez does not manufacture, package, inspect, or otherwise modify the SHORGOOD chicken franks for Smithfield Packing.

14.     Smithfield Packing has sold its line of chicken franks under the SHORGOOD marks for many years to Suárez and other customers.  Initially, Smithfield Packing sold products under the SHORGOOD mark through a license from Conagra Foods ("Conagra").

15.     In or about 2005, Conagra informed Smithfield Packing of Conagra's intention to no longer use the SHORGOOD brand itself, whereafter SHORGOOD products were sold

exclusively by Smithfield Packing.  During this time, Smithfield controlled the entire quality and formulation of the product, and Smithfield Packing's use of its SHORGOOD trademarks has been open and notorious through sales to other customers in addition to Suárez.

16.     In 2009, Smithfield Packing filed federal US Trademark Application Nos. 77668561 and 77668559, claiming a date of first use of at least as early as 2006.  The applications were published in June 2009, and as no parties opposed the applications, the time for any party to oppose the applications has elapsed and Notices of Allowances have been issued for the Applications.

17.     On June 17, 2011, United States Trademark Registration Number 3,978,570 for the word mark SHORGOOD for use in association with hot dogs and hot dogs made primarily from poultry issued from Trademark Application No. 77/668,559, in the name of The Smithfield Packing Company, Incorporated.  A copy of this registration is attached hereto as Exhibit A.

18.     On June 17, 2011, United States Trademark Registration Number 3,978,571 for a design mark incorporating the SHORGOOD word mark for use in association with hot dogs and hot dogs made primarily from poultry issued from Trademark Application No. 77/668,561, in the name of The Smithfield Packing Company, Incorporated.  A copy of this registration is attached hereto as Exhibit B.

19.     On April 7, 2011, V. Suárez sent correspondence to Smithfield Packing purporting to order that Smithfield Packing cease production of its *own* branded SHORGOOD product, as Suárez stated that it had procured an alternate source for SHORGOOD branded products.    Around the same time, V. Suárez stopped buying SHORGOOD branded products from Smithfield Packing.

20.     On April 8, 2011, on belief that Fresh Mark was the "alternate source" that Suárez had referred to, Fresh Mark was informed by representatives of Smithfield Packing of Smithfield Packing's ownership of the SHORGOOD trademarks and trade dress.

21.     On April 11, 2011, Smithfield Packing responded by letter to V. Suárez informing them that Smithfield Packing was the owner of the SHORGOOD trademarks, and refusing V. Suárez's purported demand that Smithfield Packing cease production of products under its own trademarks.

22.     On or about May 16, 2011, Smithfield Packing was provided with packaging as shown in Exhibit C, attached hereto.  The packaging contained hot dog products being sold in commerce in the United States, wherein said product was not produced by or authorized by Smithfield Packing, although identical trademarks and trade dress to Smithfield Packing's products were employed on the packaging.  The packaging further included the statement "Packaged for V. Suárez".

23.     Samples of the packaged product being sold by V. Suárez included an establishment number ("P6828") identifying Fresh Mark or its brand name "Sugardale Foods" as the manufacturer of the counterfeit goods being sold by V. Suárez.

24.     Upon information and belief, the counterfeit SHORGOOD products are being manufactured by Fresh Mark at one or more of Fresh Mark's facilities in Ohio.

25.     On May 26, 2011, a further letter was forwarded to counsel for Fresh Mark, again informing Fresh Mark that their manufacture and sale of counterfeit products under Smithfield Packing's SHORGOOD trade marks and trade dress was an infringement of Smithfield Packing's rights in and to those intellectual properties.

26.     Smithfield Packing has not authorized or otherwise consented or assented to the manufacture or sales of counterfeit SHORGOOD products by any Defendant.

## COUNT I

### Declaration of Ownership of the SHORGOOD Trademarks

27.     Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 26 above as though fully set forth herein.

28.     There is an actual and justiciable case or controversy between the parties as a result of Suárez's demand to Smithfield Packing that Smithfield Packing cease use of its own SHORGOOD trademarks, and Suárez's claim of rights in the SHORGOOD trademarks.

29.     Smithfield Packing is the owner of the SHORGOOD trademarks, as evidenced both by its open and notorious use in commerce of the marks—clearly known by Suárez since Suárez has been a purchaser of Smithfield's SHORGOOD products for resale in Puerto Rico since long before the present dispute arose —and through Smithfield Packing's United States trademark applications and registrations for the SHORGOOD trademarks.  Smithfield Packing is therefore entitled to a declaration under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, that Smithfield Packing is the owner of the SHORGOOD trademarks, and further that Defendants Suárez do not own said marks or have any ownership interests in said marks.

## COUNT II

### Federal Trademark Infringement (15 U.S.C. § 1114) as Against Defendants Suárez

30.     Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 29 above as though fully set forth herein.

31. As shown on Exhibit C attached, hereto, the word mark and design mark affixed to the counterfeit goods being sold by Suárez are identical to Smithfield Packing's registered trademarks, as shown in Exhibits A and B attached hereto.

32. By misappropriating and using the SHORGOOD marks, Defendants Suárez have misrepresented to the public that their new goods originate from, are connected with, authorized by, or are otherwise associated with Plaintiff, thereby creating actual confusion and/or a likelihood of confusion as to the source or sponsorship of Defendants' hot dog products.

33. Defendants' actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III

### Federal Trademark Infringement (15 U.S.C. § 1114) as Against Defendant Fresh Mark

34. Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 33 above as though fully set forth herein.

35. Upon information and belief, Defendant Fresh Mark is manufacturing and selling in commerce in the United States counterfeit SHORGOOD products.

36. Upon information and belief, Defendant Fresh Mark is openly and notoriously associating itself with the counterfeit products by affixing its establishment number onto those counterfeit products.

37. As shown on Exhibit C attached, hereto, the word mark and design mark affixed to the counterfeit goods being manufactured and sold by Fresh Mark are identical to Smithfield Packing's registered trademarks, as shown in Exhibits A and B attached hereto.

38. By misappropriating and using the SHORGOOD marks, Defendant Fresh Mark has misrepresented to the public that its new goods originate from, are connected with,

authorized by, or are otherwise associated with Plaintiff, thereby creating actual confusion and/or a likelihood of confusion as to the source or sponsorship of Defendant Fresh Mark's hot dog products.

39.     Defendant Fresh Mark's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT IV

### Federal Unfair Competition (15 U.S.C. § 1125(a))

40.     Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 39 above as though fully set forth herein.

41.     By misappropriating and using the SHORGOOD marks, Defendants have misrepresented to the public that their new goods originate from, are connected with, authorized by, or are otherwise associated with Plaintiff, thereby creating actual confusion and/or a likelihood of confusion as to the source or sponsorship of Defendants' frank products.

42.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT V

### Federal False Designation Of Origin (15 U.S.C. § 1125(a))

43.     Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 42 above as though fully set forth herein.

44.     By misappropriating and using the SHORGOOD mark, Defendants have falsely designated that their frank products originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff, which owns the SHORGOOD mark.

45.     Defendants' acts constitute a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT VI

### Federal Trade Dress Infringement (15 U.S.C. § 1125(a))

46.     Plaintiff restates and incorporates herein by reference the averments set forth in paragraphs 1 through 45 above as though fully set forth herein.

47.     Smithfield Packing is the owner of all rights and title to the distinctive SHORGOOD Trade Dress.

48.     Defendants' manufacture and distribution of frank products that copy the SHORGOOD Trade Dress is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Smithfield Packing, or as to the origin, sponsorship, or approval by Smithfield Packing of Defendants' goods, services or commercial activities.

49.     Defendants' manufacture and distribution of frank products that copy the SHORGOOD Trade Dress enable Defendants to benefit unfairly from the reputation and success of Smithfield Packing's products sold under the SHORGOOD brand, thereby giving Defendants' infringing products commercial value that they would not otherwise have.

50.     Defendants' actions constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     Defendants' actions have caused, and will continue to cause, irreparable harm to Smithfield Packing, and will continue to so harm Smithfield Packing unless permanently enjoined.

52.     Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions.  Defendants' unlawful actions are causing and will cause Smithfield Packing monetary damage in amounts to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a)      Declaring that Smithfield Packing is the owner of the SHORGOOD trademarks;

b)      Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, subsidiaries, divisions and all persons and entities in active concert or participation therewith from using the SHORGOOD Marks, or any mark confusingly similar to Plaintiff's SHORGOOD Marks, portions thereof, or any colorable imitative or confusingly similar designation or mark, either alone or in combination with other words, symbols, components, or the like, as a service mark, trademark, trade name component, domain name or otherwise, to market, advertise, identify, sell, or distribute Defendants' frank products in a manner which is likely to cause consumer confusion between Defendants and Plaintiff;

c)      Directing Defendants to deliver up for destruction, within five days of the date of the entry of the Court's entry of a permanent injunction, all articles, displays, advertisements, brochures, catalogues, labels, packaging, or any other material in their possession or control or in the possession or control of their agents and all those in active concert or participation with Defendants, which bear SHORGOOD Marks, or any mark confusingly similar thereto, in

connection with meat products, or relate to imitative marks, designations and colorable imitations thereof or those confusingly similar to Plaintiff's SHORGOOD Marks;

d)      Granting Plaintiff an accounting of all gains, profits and advantages derived by Defendants from the unlawful acts complained of herein;

e)      Awarding Plaintiff compensatory damages in an amount to be proved at trial;

f)      Awarding Plaintiff damages sufficient to compensate for the advertising and/or other expenses necessary to dispel any actual and/or likely confusion caused by Defendants' unlawful acts;

g)      Awarding Plaintiff any and all special and punitive damages allowed, including treble damages under the Lanham Act;

h)      Awarding Plaintiff its costs and reasonable attorneys' fees;

i)      Directing Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of an injunction order a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

j)      Awarding Plaintiff a sum equal to three (3) times the amount of Plaintiff's actual damages because of the deliberate and willful nature of Defendants' acts; and,

k)      Granting Plaintiff any other relief that the Court may deem to be just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demands a trial by jury of any and all issues so triable.

Dated: Falls Church, VA
       August 12, 2011.

                        THE SMITHFIELD PACKING
                        COMPANY, INCORPORATED

                        By Counsel

                        REED SMITH LLP

                        By: _____
                        Brad R. Newberg
                        3110 Fairview Park Dr., Ste. 1400
                        Falls Church, VA 22042
                        (703) 641-4272
                        bnewberg@reedsmith.com
                        *Attorneys for Plaintiff*

OF COUNSEL:

REED SMITH LLP

Carl H. Pierce
Jeffrey A Porter
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
Fax: (215) 851-1420
cpierce@reedsmith.com
jporter@reedsmith.com

## NOTIFICATION OF WRITTEN CONSENT TO AMEND BY ALL PARTIES

This Second Amended Complaint is being filed to correct an error in the corporate name of one of the Defendants.  On July 12, 2011, counsel for Fresh Mark, Inc. informed counsel for Plaintiff that Fresh Mark, Inc.'s official corporate name was not Sugardale Foods, Inc. as previously thought.  In a letter of August 9, 2011, counsel for Fresh Mark stated that Fresh Mark "hereby stipulate[s] to the required amendment" of the Complaint.

Plaintiff's counsel then contacted counsel for Defendants V. Suárez & Co., Inc. ("V. Suárez") and Packers Provisions Co. of Puerto Rico, Inc. ("Packers"), who—without waiving any of their defenses—likewise consented to the amendment of the Complaint to substitute Fresh Mark, Inc. for Sugardale Foods, Inc.

The only changes between the First Amended Complaint and the Second Amended Complaint is the substitution in all places of Fresh Mark, Inc. ("Fresh Mark") for Sugardale Foods, Inc. ("Sugardale").

By: _____
Brad R. Newberg
3110 Fairview Park Dr., Ste. 1400
Falls Church, VA 22042
(703) 641-4272
bnewberg@reedsmith.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2011, a true and correct copy of the foregoing was filed through CM/ECF, and served via first class mail, postage prepaid as well as via electronic mail, on the following:

Carla García Benítez, Esq.
O'Neill & Borges
American International Plaza
250 Munoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Attorneys for Defendants V. Suárez & Co., Inc. and
Packers Provisions Co. of Puerto Rico, Inc.

Raymond Rundelli, Esq.
Calfee, Halter & Griswold LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, OH 44114-2688
Attorneys for Defendant Fresh Mark, Inc.

Because counsel for Fresh Mark, Inc. has claimed that Fresh Mark, Inc. was not properly served with the First Amended Complaint due to an error in that defendant's name, Fresh Mark, Inc. will also be served in the normal course through a process server as per the Federal Rules.

/s/ Brad R. Newberg
Brad R. Newberg
Reed Smith LLP
3110 Fairview Park Dr., Ste. 1400
Falls Church, VA 22042
(703) 641-4272
bnewberg@reedsmith.com